# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SEAN ZEIGLER,　　　　　　　　　　　　　　Case No. 1:18-cv-580
　　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　　Barrett, J.
　　vs　　　　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN, LEBANON　　　　　　　　　　　　**ORDER AND REPORT**
CORRECTIONAL INSTITUTION,　　　　　　　**AND RECOMMENDATION**
　　　Respondent.

Petitioner, a prisoner at the Lebanon Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion for stay and abeyance (Doc. 8), motion to strike motion for stay and abeyance (Doc. 11), and motion for leave to file an amendment to his petition (Doc. 12). For the reasons stated below, petitioner's motion to amend is granted, his motion to strike is denied, and the undersigned recommends that petitioner's motion to stay be granted.

In the petition, petitioner challenges his Hamilton County, Ohio convictions for aggravated burglary, rape, felonious assault, and tampering with evidence. Petitioner raises the following four grounds for relief in the petition:

> **GROUND ONE**: The trial court committed reversible error in denying petitioner's suppression of the DNA evidence because his consent was coerced rendering it involuntary because after he requested an attorney, the officers made forceful statements that left the petitioner to believe it would be fruitless to refuse consent which violated petitioner's Fourth, Fifth and Fourteenth Amendment rights.
>
> **GROUND TWO**: Petitioner was denied a fair trial when due process under the Fifth and Fourteenth Amendment were violated due to prosecutor and witness misconduct when the serologist gave false testimony about the source of the DNA in her report and the prosecutor relied on the false testimony during examination and closing arguments.
>
> **GROUND THREE**: Trial counsel rendered ineffective assistance violating petitioner's Sixth Amendment right for failing to rebut forensic evidence of rape in allowing false testimony by the serologist that contradicted her lab report to go

unquestioned and unchallenged.

**GROUND FOUR**: Appellate counsel was ineffective violating petitioner's Sixth Amendment right for failing to raise winning issues in my direct appeal, but for appellate counsel's unreasonable and unjustifiable errors, the appeal would have resulted in a different outcome.

(Doc. 1). On December 18, 2018, respondent filed a return of writ in opposition to the petition. (Doc. 6). According to respondent, petitioner's grounds for relief are procedurally defaulted, non-cognizable, and without merit.

On January 8, 2019, petitioner filed a motion to stay this action while he pursues a petition for post-conviction relief in the trial court. (Doc. 8). In the post-conviction petition, which remains pending in the Ohio trial court, petitioner raises two claims of ineffective assistance of trial counsel. First, petitioner claims that his trial counsel was ineffective for failing to investigate and present letters from Raymond Lear—a fellow prisoner and the boyfriend of the victim in petitioner's case—which he claims are exculpatory.[1] Petitioner also claims counsel was ineffective for failing to investigate issues related to his detention during police interrogation. According to petitioner, he was prevented from raising these claims earlier because he was not provided with the Lear letters from trial counsel until after he filed his habeas corpus petition. Petitioner claims that he only obtained the letters after petitioner pursued a grievance against his trial counsel and counsel was compelled to provide them to him.

Respondent has filed a response in opposition to petitioner's motion. Respondent argues

---

[1] Petitioner indicates that the letters from Lear stated that if petitioner's girlfriend agreed not to testify against Lear, that Lear would convince his girlfriend (the victim in petitioner's case) to drop the charges she had against petitioner. (*See* Doc. 8 at PageID 1253). Petitioner claims Lear "wrote that he didn't want petitioner doing any time for something that's not true." (*Id.*).

2

that staying this action is not appropriate because petitioner has not raised the claims asserted in his post-conviction petition as grounds for relief in this action. Respondent further contends that petitioner failed to demonstrate that the claims are potentially meritorious. (Doc. 10).

Apparently in response to respondent's opposition, petitioner subsequently filed a motion to strike his motion to stay (Doc. 11) and a motion for leave to file an amendment to his habeas petition. (Doc. 12). Petitioner notes in his motion to strike that he filed the stay motion prematurely, before he had the opportunity to file a motion to amend the petition. Petitioner indicates that he intends to refile the motion to stay after the Court has ruled on his motion to amend.

In the motion to amend, petitioner seeks to add the following two grounds for relief to his petition:

> **GROUND FIVE:** INEFFECTIVE ASSISTANCE OF COUNSEL
>
> (a) Supporting facts: Trial counsel was ineffective which deprived appellant of his sixth amendment right when he failed to investigate and present evidence in the form of inmate to inmate correspondence letters sent to appellant from Ramon Lear for impeachment that proved that he and his girlfriend fabricated the charges against appellant to get Mr. Lear out of jail and ultimately proved appellants actual innocence and supported the theory of the defense.
>
> **GROUND SIX:** INEFFECTIVE ASSISTANCE OF COUNSEL
>
> (b) Supporting facts: Trial counsel was ineffective when he failed in his duty to investigate witnesses who may have information concerning his client's detention in the police station during the suppression hearing. Trial counsel's failure to conduct a prompt investigation of the circumstances of the case and explore avenues leading to relevant facts to the merit of the case, thereby causing prejudice to Zeigler, denying him due process of the law and a fair trial, a violation of the sixth amendment right to effective assistance of counsel.

(Doc. 12 at PageID 1374). Respondent has not filed an opposition to petitioner's motion to

3

amend.

Fed. R. Civ. P. 15, which governs pleading amendments in civil cases, is applicable to federal habeas corpus proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The factors that the Court should consider in determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

After considering the above factors and for good cause shown, petitioner's motion to amend the petition to include the above fifth and sixth ground for relief is **GRANTED**. (Doc. 12). Petitioner's motion to strike his motion for stay and abeyance (Doc. 8) is **DENIED**. As noted above, petitioner seeks to strike the motion and refile it after the Court rules on his motion to amend. Petitioner need not refile his motion to stay this action.

With respect to petitioner's motion for stay and abeyance, the undersigned finds that petitioner should be afforded the opportunity to exhaust the claims raised in his pending post-conviction petition in the state courts. An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and

4

federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed

5

federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10–11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17–18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive

definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5–6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661–62 (9th Cir. 2005), and *Baker v. Horn,* 383 F. Supp. 2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F. Supp. 2d 1207, 1209–11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, the undersigned recommends that the petition be stayed so that petitioner may attempt to exhaust the ineffective assistance of counsel claims raised in Ground Five and Six and in his pending post-conviction petition in the state courts. At this point in the proceedings, the Court cannot conclude that petitioner's unexhausted claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277–78. Furthermore, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here may be subject to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, for good cause shown, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that petitioner's motion for stay and abeyance (Doc. 8) be **GRANTED** and that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

**IT IS THEREFORE ORDERED THAT:**

Petitioner's motion for leave to file and amendment to his habeas petition (Doc. 12) is **GRANTED** and his motion to strike (Doc. 11) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's motion for stay and abeyance be **GRANTED** (Doc. 8) and the petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a

9

recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203–206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

                                                   *s/ Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge

---

[2] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SEAN ZEIGLER,  
    Petitioner,

vs

WARDEN, LEBANON  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:18-cv-580

Barrett, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).