UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SEAN ZEIGLER,<br>    Petitioner, | Case No. 1:18-cv-580 |
| | Barrett, J. |
| vs | Bowman, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **ORDER** |

The matter is before the Court on petitioner's motion to reinstate this habeas corpus action (Doc. 18), which was administratively stayed and terminated on the Court's active docket on August 30, 2019, while petitioner exhausted his state-court remedies (*see* Docs. 16, 17). The matter is also before the Court on petitioner's Motion to Supplement Habeas Evidentiary Record, through which petitioner seeks "to supplement Motion to Reinstate with the attached affidavit, to establish record in above captioned case." (Doc. 19, at PageID 1446). Respondent has not opposed either motion.

As an initial matter, the Court hereby **GRANTS** petitioner's motion to supplement the record (Doc. 19) to the extent that the Court will consider the affidavit attached to the motion as filed in support of petitioner's motion to reinstate this habeas action. The motion is denied in all other respects.

Next, because it appears that petitioner has now exhausted all available state-court remedies,[1] petitioner's unopposed motion for reinstatement of the petition (Doc. 18) is hereby **GRANTED**. The Order entered on August 30, 2019 administratively staying the action and

---

[1] In an attachment to a second case that petitioner has filed in this Court, he clarifies that the Ohio Supreme Court refused to file his appeal addressing the previously unexhausted issues because it was "was filed two days after the 45 day deadline." *See Zeigler v. Warden*, Case 1:22-cv-47-TSB-SKB (S.D. Ohio) (Doc. 1 at PageID 26). It appears that petitioner also attempted to file a delayed appeal to the Ohio Supreme Court, which was denied. (*See id.*). *See also Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (noting that a court may take judicial notice of its own records); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

terminating the case on the Court's active docket (Doc. 17) is hereby **VACATED.**

It is **FURTHER ORDERED** that respondent shall file a supplemental answer addressing petitioner's fifth and sixth grounds for relief (*see* Doc. 12, at PageID 1374; *see also* Doc. 16, at PageID 1431-32), conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases **within sixty (60) days of the date of this Order.**

Petitioner may, **not later than twenty-one days after the supplemental answer is filed**, file and serve a reply to the supplemental answer.

**IT IS SO ORDERED.**

                                                   s/*Michael R. Barrett*
                                                   Michael R. Barrett
                                                   United States District Judge