# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SEAN ZEIGLER,

        Petitioner,    :    Case No. 1:18-cv-580

 - vs -        District Judge Michael R. Barrett
        Magistrate Judge Michael R. Merz

WARDEN,
 Lebanon Correctional Institution

    :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Sean Zeigler, is before the Court on Zeigler's Motion for Relief from Judgment (ECF No. 32).

Throughout its pendency, this case has been assigned to District Judge Michael R. Barrett. It was initially referred to Magistrate Judge Stephanie Bowman, but transferred to the undersigned August 10, 2022, to help balance the Magistrate Judge workload in this District (ECF No. 28). At the time of transfer, the case was already ripe for decision and the undersigned filed a Report and Recommendations on the merits on August 16, 2022 (the "Report," ECF No. 29). The docket shows the Report was served on Petitioner by mailing a copy to him by ordinary first class mail on the date it was filed. In the body of the Report, Zeigler was notified that he would have seventeen days from the date of mailing to file objections. *Id.* at PageID 1923. That would have

1

made his objections due September 5, 2022, making allowance for intervening weekends and Labor Day.

Zeigler had not filed Objections by September 9, 2022. In the absence of any objections, Judge Barrett adopted the Report and dismissed the case (ECF Nos. 30, 31). The Clerk duly mailed those filings to Zeigler by ordinary mail on the date of filing. Zeigler never appealed or moved to amend the judgment under Fed.R.Civ.P. 59(e); his first post-judgment filing is the instant motion for relief from judgment under Fed.R.Civ.P. 60(b)(1), allegedly mailed to the Court on June 29, 2023, but not received until July 11, 2023.

Zeigler brings his motion under Fed.R.Civ.P. 60(b)(1) which provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect." In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), citing *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973). Determinations made pursuant to Fed. R. Civ. P. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957).

**Excusable Neglect**

Zeigler claims his failure to file timely objections is the result of his excusable neglect. He asserts that he did not receive the Report until September 12, 2022, a week after his objections were due (Motion, ECF No. 32, PageID 1929-30). Zeigler offers no affidavit or equivalent declaration to attest to the date of receipt of the Report. His only corroboration of his claim is what he refers to as a date stamp on Exhibit A to the Motion (PageID 1939). The content of the date stamp does not tell us who received the document on that date.[1] Additionally, Zeigler claimed in his complaint to prison officials that he received the document on September 12, 2022 (Exhibit C, PageID 1941). For purposes of the present Motion, the Magistrate Judge will accept Zeigler's claim that he received the Report on September 12, 2022.

The Motion continues with a long disquistion on ODRC "legal mail" policy and practice at PageID 1930-32. It is unclear what relevance this has to the Motion for Relief from Judgment, since Zeigler had the Report on September 12, 2022.

Zeigler knew on September 12, 2022, that he had missed the objections deadline, but he never requested an extension of time to file objections although he had requested and received extensions of time on at least four occasions before judgment. On July 17, 2022, he wrote the Court a letter noting that his Supplemental Reply was due July 8, 2022, and claiming that it was placed in the mail on July 1 "but never got there due to misplacing and mishandling legal mail" by prison mailroom staff. In fact the Supplemental Reply was received and docketed on July 15, 2022 (ECF No. 26).

---

[1] Note that Exhibit B, the first page of Judge Barrett's Order adopting the Report, does not have a similar date stamp. See PageID 1924.

3

At some time after September 9, 2022, but on a date he does not disclose, Zeigler received Judge Barrett's September 9, 2022, Order. He could have moved to amend the judgment at any time until October 7 or appealed to the Sixth Circuit at any time until October 9, 2022. Instead, he did nothing until filing the instant Motion nine months later. The Magistrate Judge concludes that none of the time between October 9, 2022, and July 10, 2023, is attributable to excusable neglect. The fact that Zeigler filed his motion within the time allowed by Fed.R.Civ.P. 60(c) does not entitle him to a finding of excusable neglect for that entire period.

Zeigler argues that this case "creates serious conflict with" *Franks v. Bradley,* 2018 U.S. Dist. LEXIS 192209 (N.D. Ohio 2018). Although Zeigler purports to explain why, the Magistrate Judge can find nothing in the opinion of Magistrate Judge (now District Judge) Knepp which has any bearing on this case.

**Prejudice to the Opposing Party**

One element the Court must weigh in considering a Rule 60(b) motion is whether the opposing party will be prejudiced by granting relief from judgment. In this case, the State has been able to continue to execute the criminal judgment against Zeigler for the entire time since judgment was entered. If the judgment were vacated, the State would have to continue to defend the conviction on the merits, but given that merits briefing has been completed in this case, there would be little or no prejudice to the State. Zeigler recites purported facts about the processing of Franks case, but none of them appear in the cited opinion.

**Meritorious Defense**

Although Zeigler acknowledges that a Rule 60(b) movant must show he has a meritorious defense, his Motion makes no attempt to show that he has any meritorious objections to the Report which contains twenty-two pages of analysis as to why he is not entitled to habeas corpus relief on the merits. Zeigler has now had more than ten months to construct that argument, but he has not tendered any objections for the Court to consider if the judgment were reopened.

In arguing that he satisfies the meritorious defense portion of the test, Zeigler cites *Williams v. Meyer,* 346 F.3d 607 (6th Cir. 2003). In *Williams*, however, the 60(b) movant set forth the objections he was making and the Sixth Circuit reviewed their merits. Zeigler has done nothing of the sort here. The meritorious defense question most often arises when a court has entered a default judgment upon a complaint that has not been answered and there has not been any occasion for evaluation of the merits.

**Conclusion**

Having weighed all three factors required to meet Fed.R.Civ.P. 60(b)(1), the Magistrate Judge concludes Petitioner is not entitled to relief. His Motion for Relief from Judgment should be DENIED. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to

proceed *in forma pauperis*.

July 11, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
