# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SEAN ZEIGLER,

    Petitioner,   :   Case No. 1:18-cv-580

 - vs -           District Judge Michael R. Barrett
              Magistrate Judge Michael R. Merz

WARDEN,
 Lebanon Correctional Institution

                 :
    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Sean Zeigler, is before the Court on Petitioner's Motion for Relief from Judgment brought under Fed.R.Civ.P. 60(b)(1) (ECF No. 47).

**Litigation History**

On August 16, 2022, the undersigned recommended dismissing this habeas corpus case with prejudice (Report, ECF No. 29). In the absence of any Objections from Petitioner, District Judge Barrett adopted that Report and ordered the case dismissed on September 9, 2022 (ECF Nos. 30, 31).

Ten months later on July 10, 2023, Petitioner filed his first Motion for Relief from Judgment (ECF No. 32). He claims he did not file objections because the Report reached him after the objection period expired and thus his neglect was excusable under Fed.R.Civ.P. 60(b)(1). The

undersigned concluded (1) Zeigler had not shown excusable neglect, given the ten-month delay in seeking relief and (2) Zeigler had not offered any objections on the merits (Report, ECF No. 33). Judge Barrett adopted this Report because, again, Zeigler had made no objections (ECF No. 34).

**Petitioner's New 60(b)(1) Motion**

In his instant Fed.R.Civ.P. 60(b)(1) motion, Petitioner seeks relief from both the judgment of dismissal and the denial of his prior motion for relief. He again claims interference with the mail by his institution of incarceration.

To the extent this argument seeks relief from the final judgment, it is barred by the law of the case doctrine. Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

2

Zeigler's motion to reopen the judgment denying his prior motion for relief should fail for similar reasons. His Objections to denial of the first 60(b)(1) motion were not filed until six weeks after the relevant Report and Recommendations was filed. Once again no objections on the merits were included.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the instant Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 5, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge